**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES W. MILLER                                                                                    PLAINTIFF
ADC #105303

V.                                         NO: 5:11CV00195 JMM/HDY

SUSAN POTTS                                                                                        DEFENDANT

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

    1.       Why the record made before the Magistrate Judge is inadequate.

    2.       Why the evidence proffered at the hearing before the District
            Judge  (if such a  hearing is granted)  was not  offered at  the
            hearing before the Magistrate Judge.

    3.       The detail of any testimony desired to be introduced at the

1

hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff James W. Miller, an inmate at the Grimes Unit of the Arkansas Department of

Correction ("ADC") who was formerly held at the Drew County Detention Facility ("DCDF"), filed

this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on August 3, 2011, alleging that Defendant

Susan Potts, the administrator of the DCDF was deliberately indifferent to his medical needs when

he was held at the DCFDF in the summer of 2011.[1]  The Court held an evidentiary hearing on March

12, 2012, at which Plaintiff and Defendant testified, along with Jim Glennon, DCDF compliance

officer, and former detainee Stephen Hunter.

### I.  Facts

Plaintiff entered the DCDF on July 11, 2011.  Two days later, he noticed what appeared to

be a spider bite on his arm.  At that time, Plaintiff complained to jail staff.  When Plaintiff got no

response, on July 18, 2011, he sent Potts a request for medical treatment.  Potts received the request

---

[1]Plaintiff's complaint also included a claim regarding the sanitation of tables at the detention
center, but the undersigned has already recommended dismissal of that claim.

the next day, and that same day scheduled Plaintiff for a July 27, 2011, appointment to see a doctor. Potts told staff members to let her know if the bite worsened to the point that Plaintiff needed more immediate attention.  Potts heard nothing more about the bite until July 27, 2011, when a jailer reported that Plaintiff was complaining about the bite.  That report noted a slightly swollen area on Plaintiff's arm, about the size of a quarter, with possible infection.  According to the report, Plaintiff refused treatment from the jailer and demanded that he be taken to see a physician.  Although Potts was notified, she took no further action, because Plaintiff's doctor's appointment was already scheduled for that day.

Medical records dated July 27, 2011, indicate that Plaintiff saw a physician, who diagnosed an infected, nonvenomous insect bite.  Plaintiff was prescribed a one week course of antibiotics, and discharged with instructions to follow up as needed.  Although Plaintiff complained that he was unable at times to take the antibiotics because he was not given food with them, and they irritated his stomach, when Potts found out about the issue, she directed that Plaintiff be provided food when he needed to take the medicine.  Plaintiff noted Potts's concern for his medical issues in a letter he sent to her, wherein he related that Potts had taken him to the doctor anytime he had a medical problem  (Defendant's exhibit #4).  Plaintiff transferred to the ADC on September 30, 2011.

## II. Analysis

Plaintiff was a pre-trial detainee at the time the events giving rise to this complaint occurred, but the same Eighth Amendment standards are applied to his inadequate medical care claims as those made by convicted inmates.  *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).  The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody.  *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that:  (1) he had objectively serious medical needs; and (2) prison officials subjectively knew

of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

It is apparent that Plaintiff received medical care for the bite on July 27, 2011, and was also seen by a physician or other outside medical provider for various other issues multiple times thereafter.[2] At most, Plaintiff established some delay from the initial bite on July 13, 2011, until he was taken to the doctor's office on July 27, 2011. However, Plaintiff offered no evidence to establish that his recovery was slowed, or that he suffered any harm because of the delay. When an inmate alleges that a delay in medical care constitutes a constitutional violation, he must allege, and eventually place in the record, verifying medical evidence establishing the detrimental effect of the delay. *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997). *See also Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009) (constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish).

Moreover, Plaintiff failed to establish that Potts was at all responsible for any delay. The day Potts learned of the bite, she made an appointment. Even if the bite worsened before Plaintiff was taken to the physician, there is no evidence that Potts knew of any deterioration in Plaintiff's condition until the day of his already scheduled appointment. Plaintiff's own letter acknowledges

---

[2]Plaintiff's medical records were introduced as Defendant's exhibit #1.

that Potts was diligent in ensuring that Plaintiff's medical needs were addressed.  Thus, Plaintiff

failed to establish that Potts knew of, and deliberately disregarded a serious medical need, and his

complaint should therefore be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment

dismissing this action is considered frivolous and not in good faith.

DATED this ___13___ day of March, 2012.

_____
UNITED STATES MAGISTRATE JUDGE